UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAIQUON WEBSTER,

             Plaintiff,

v.

GAYLOR, Correction Officer and
CARNEY, Correction Officer,

             Defendants.

---

**DECISION AND ORDER**

6:17-CV-06778 EAW



## INTRODUCTION

*Pro se* Plaintiff Daiquon Webster ("Plaintiff"), an inmate confined at the Five Points Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. (Dkt. 1). Plaintiff alleged that, while he was confined at the Attica Correctional Facility ("Attica"), defendants Gaylor and Carney (collectively "Defendants") subjected him to excessive force and gender identity-based harassment during his confinement. Upon screening of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that Plaintiff's allegations were insufficient to state a violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Dkt. 3 at 5).

Plaintiff has filed an Amended Complaint, largely repeating the allegations of his original filing. (Dkt. 4). For the reasons discussed below, the Amended Complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## BACKGROUND

The following alleged facts are taken from Plaintiff's Amended Complaint and are assumed to be true for the purposes of this Decision.

On October 17, 2016, Plaintiff was feeding birds with bread from the mess hall, which he acknowledges he was not supposed to be doing. (Dkt. 8 at 3). Gaylor told Plaintiff to stop, which Plaintiff did, and then Gaylor escorted Plaintiff to a safety unit where eight other officers were present. (*Id.*). Gaylor told the other officers that Plaintiff had attempted to assault him and then pushed Plaintiff onto the floor, threatening to break his thumb. (*Id.*). Gaylor then took Plaintiff on a bus with three other officers and asked Plaintiff why he fed the birds. (*Id.*). When Plaintiff turned his head to explain, Gaylor grabbed Plaintiff forcefully and told him to shut the fuck up and to not look at him. (*Id.*). Plaintiff "felt abuse[d]." (*Id.*).

On August 10, 2017, Plaintiff was taking medication when Carney came up to him and told him to stop or he would get slammed on the neck. (*Id.* at 1). Plaintiff submitted a report complaining about Carney's conduct. (*Id.*). Later, Carney approached Plaintiff and asked if he had submitted a report against him, and Plaintiff told Carney he had. (*Id.*). Carney laughed and said that Plaintiff's report was biased, that Plaintiff was a homosexual, and that Plaintiff was a "skinny light skinned crack head." (*Id.*).

## DISCUSSION

### I. Legal Standard

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) require the Court to conduct an initial screening of this Amended Complaint. In evaluating the Amended Complaint, the Court

must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff only needs to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted)).

## II. <u>Excessive Force Claim</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).

"A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components—one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009). In order to prove an Eighth Amendment violation, a plaintiff must demonstrate each of the following two elements by a preponderance of the evidence: (1)

- 3 -

the defendant used force against the plaintiff maliciously and sadistically, for the very purpose of causing the plaintiff harm; and (2) the plaintiff suffered some harm as a result of the defendant's use of force. *Hudson v. McMillian*, 503 U.S. 1, 7-8 (1992).

The first element is considered a subjective analysis of the defendant's state of mind at the time of the incident. This requires a showing that the defendant had "'the necessary level of culpability, shown by actions characterized by wantonness' in light of the particular circumstances surrounding the challenged conduct." *Goord*, 554 F.3d at 268 (quoting *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999)). Whether use of force against a prison inmate is unnecessary or wanton depends on "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* (quoting *Hudson*, 503 U.S. at 7).

The objective component considers the "seriousness of the injury." *Id.* "In the case of excessive use of force by prison guards, the objective component does not require any particular 'quantity of injury,' for '[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated.'" *Warren v. Purcell*, 2004 WL 1970642, at *7 (S.D.N.Y. Sept. 3, 2004) (quoting *Hudson*, 503 U.S. at 9). However, the Eighth Amendment "excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (quotation omitted). "Indeed, not even 'every *malevolent* touch by a prison guard gives rise to a federal cause of action.'" *Boddie*

v. *Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (emphasis in original) (quoting *Hudson*, 503 U.S. at 9).

### A. <u>Claim Against Gaylor</u>

Plaintiff fails to allege facts that plausibly satisfy either the subjective or objective component of his Eighth Amendment claim against Gaylor. As far as the subjective inquiry is concerned, Plaintiff himself acknowledges that when Gaylor allegedly pushed him and grabbed him, Plaintiff had engaged in an activity that violated Attica's rules. (Dkt. 8 at 3). Prison administrators receive "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline." *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).

Additionally, even if Gaylor did not intend to restore discipline through his alleged actions, the objective prong of the analysis is not satisfied. Plaintiff has not alleged that he suffered any injury, other than feelings of abuse, after Gaylor allegedly pushed him to the ground and grabbed him. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Hudson*, 503 U.S. at 9 (quotation omitted); *see Boddie*, 105 F.3d at 862 ("[The plaintiff's] allegations of excessive force—that he was bumped, grabbed, elbowed, and pushed by [the defendants]—do not approach an Eighth Amendment claim. The force [the plaintiff] describes is not sufficiently serious or harmful to reach constitutional dimensions."); *O'Diah v. Neth*, No. 6:10-CV-6592 (MAT), 2013 WL 6440610, at *7 (W.D.N.Y. Dec. 9, 2013) (holding the plaintiff's allegations that a prison guard "'pushed and knocked [him]

down' outside his dormitory 'without rational basis'" were not sufficient to reach constitutional dimensions, especially because he did "not allege any resultant injury from the incident").

Moreover, Gaylor's alleged threat to break Plaintiff's thumb was just that, a threat, and Plaintiff has alleged no injury other than that he felt abused. *See Fisher v. Jenks*, No. 9:13-CV-0213 (BKS/TWD), 2015 WL 4890556, at *4 (N.D.N.Y. Aug. 17, 2015) ("Plaintiff's allegations regarding the events as he was being transported into the police station—that the defendants 'roughly pushed and man handled' him, while making 'disrespectful and degrading comments'—are insufficient. . . ."); *Rivera v. Fulton*, No. 06-CV-488F, 2007 WL 542001, at *3 (W.D.N.Y. Feb. 13, 2007) ("[Plaintiff] alleges nothing more than verbal harassment, pushes and shoves that do not rise to the level of a constitutional violation."); *see also Felder v. Filion*, 368 F. App'x 253, 256 (2d Cir. 2010) ("The allegation that [the prison guard] threatened [the plaintiff] verbally was not a sufficient basis for a claim of Eighth Amendment violation because Felder did not present evidence of any injury resulting from those threats.").

While Gaylor's alleged behavior may be inappropriate and unprofessional, it is not enough to rise to the level of a constitutional violation. The Court accordingly finds that Plaintiff has failed to state an Eighth Amendment claim against Gaylor.

**B.** **Claim Against Carney**

With regard to Carney's comments, it is well settled that "harassment or profanity alone, unaccompanied by any injury, no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected

right and therefore is not actionable under 42 U.S.C. § 1983." *Shabazz v. Pico*, 994 F. Supp. 460, 471 (S.D.N.Y. 1998) (quotation omitted); *see, e.g., Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) ("The claim that a prison guard called [the plaintiff] names also did not allege any appreciable injury and was properly dismissed."); *DeArmas v. Jaycox*, No. 92 Civ. 6139 (LMM), 1993 WL 37501, at *1, *4 (S.D.N.Y. Feb. 8, 1993), *aff'd*, 14 F.3d 591 (2d Cir. 1993) (holding prison guards' vulgar comments made in retaliation to the plaintiff's filing of a grievance against them "do not rise to the level necessary to maintain an Eighth Amendment claim"). Here, Plaintiff alleges only that he was verbally harassed and called names after he filed a grievance against Carney and does not allege any injury that stemmed from the incident. Therefore, his allegations are insufficient to state a violation of his Eighth Amendment right to be free from cruel and unusual punishment against Carney, and the Court dismisses Plaintiff's Amended Complaint.

## CONCLUSION

IT HEREBY IS ORDERED that the Amended Complaint is dismissed with prejudice for failure to state a claim on which relief may be granted; and

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: December 27, 2018
        Rochester, New York